UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DONALD BLAKLEY, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 6: 05-541-DCR |
| V. | ) ) |
| OFFICER BUSIC, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

*** *** *** ***

This matter is pending for consideration of the Plaintiff's motion for appointment of counsel [Record No. 3] and his motion to proceed *in forma pauperis* [Record No. 2]. Having reviewed the file of this matter, the Court will deny the motion for appointment of counsel. The motion to proceed *in forma pauperis* will be addressed by separate Order following further review.

MOTION FOR APPOINTMENT OF COUNSEL

A plaintiff in a civil action has no constitutional right to appointed counsel. *Abdur-Rahman v. MI Dept. of Corrections, et al.*, 65 F.3d 489, 492 (6th Cir. 1995). Further, civil litigants are not entitled to appointment of counsel at the government's expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988) (citing *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir.) *cert. denied,* 449 U.S. 820 (1980)). Court-enlisted assistance of counsel is not mandatory, but is merely a matter of discretion. *See e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "[T]he appointment of counsel in a civil case is . . . a matter within

the discretion of the court. It is a privilege and not a right." *Id.* (quoting *United States v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)).

> In *Lavado v. Keohane,* 992 F.2d 601 (6th Cir. 1993), the court held that:
>
> A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §1915(d) (1988) ("The court may request an attorney to represent any such person unable to employ counsel . . . ."); *Reener v. Sewell,* 975 F.2d 258, 261 (6th Cir. 1992) (appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights) (citations omitted).

*Id.* at 604-605.

Likewise, federal courts are not entitled to make coercive appointments of counsel to represent indigent litigants. *See Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 109 S.Ct. 1814 (1989). In *Knop v. Johnson*, 977 F.2d 996, 1007 (6th Cir. 1992), the court stated: "Inmates . . . are not *ipso facto* entitled to legal representation."

In the present case, the Plaintiff has submitted a complaint which makes a number of charges against the Defendants. While the Plaintiff asserts that the case is complex, this Court must respectfully disagree with that assertion. In addition, the materials filed in support of the Plaintiff's motion indicates that he has the ability to present the disputed legal and factual issues in a coherent manner.

Next, the Plaintiff has not established that he has attempted to procure private counsel and the Court is unaware of any private attorney who has volunteered to take the Plaintiff's case. As previously stated, the Court is not inclined to make coercive appointments of counsel. Accordingly, the Plaintiff's Motion for Appointment of Counsel will be denied.

CONCLUSION

For the reasons discussed herein, it is **ORDERED** that the Plaintiff's Motion for Appointment of Counsel [Record No. 3] is **DENIED**.

This 17th day of January, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge