UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DONALD RAY BLAKLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-541-DCR |
| ) | |
| vs. ) | |
| ) | |
| TOM BUSIC, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

The Plaintiff, Donald Ray Blakley, is an inmate confined in the Federal Correctional Institution in Glenville, West Virginia ("FCI Gilmer"). Proceeding *pro se*, he has filed a complaint pursuant to 42 U.S.C. §1983. [Record No. 1] He has also filed a motion to proceed *in forma pauperis* [Record No. 2] which will be addressed by separate Order. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The Plaintiff has named as Defendants Middlesboro police officers Tom Busic and Venable Myers, as well as David Westly Blakley and Mary Jackson Blakley. He alleges that the officers, who had not obtained a search warrant to search a locked box owned by the Plaintiff, told David and Mary Blakley that if they would open the box while the officers' backs were turned, they could seize its contents without the necessity of a search warrant. He claims that the Blakleys did so, whereupon the officers seized its contents, including cash and valuables assessed at over $40,000, as well as certain nude photographs and several CD-ROMs containing more nude images. Blakley asserts that each of these actions by the officers and the Blakleys violated his Due Process rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. He seeks compensatory and punitive damages as well as the return of his property.

The federal court's online PACER database indicates that Blakley was indicted on January 27, 2005, in a seventeen-count indictment on child pornography charges. Following a jury trial in which the undersigned presided, he was found guilty on all counts, including conspiracy to receive child pornography which had been shipped in interstate commerce under 18 U.S.C. §2252(b)(1); receipt of child pornography which had been shipped in interstate commerce via computer under 18 U.S.C. §2252(a)(2); and possession of a computer hard drive which contained child pornography which had been shipped in interstate commerce under 18 U.S.C. §2252(a)(4)(B). On October 4, 2005, Blakley was sentenced to a term of incarceration of 87 months, followed by a life term of supervised release. After the sentencing hearing, Blakley filed a number of motions/requests seeking the return of the property used as evidence

in his criminal trial, including the same CD-ROMs referred to in his present complaint. *See* Record No. 53. *United States v. Blakley*, 05-CR-5-DCR, Eastern District of Kentucky. Blakley has filed a notice of appeal to the Sixth Circuit in that case.

In his complaint, Blakley asserts that the officer Defendants violated his rights under the Fourth Amendment against unreasonable searches and seizures. He also asserts that the Blakleys violated his constitutional rights by participating in conduct at the direction of the officers. Because a civil rights action under 42 U.S.C. §1983 does not reach claims that purely private individuals violated a plaintiff's rights under the United States Constitution, *West v. Atkins*, 487 U.S. 42 (1988), his claims are construed as asserting that these private individuals acted "under color of state law" by acting as agents on the officers' behalf. *See, e.g., Alexis v. McDonald's Rest. of Massachusetts, Inc.*, 67 F.3d 341 (1st Cir. 1995). Because these allegations, if true, would "necessarily demonstrate[] the invalidity of [his] conviction," Plaintiff's causes of action, if any might exist, have yet to accrue. *Heck v. Humphrey*, 512 U.S. 477, 486-90 (1994) (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack). His complaint, therefore, must be dismissed. *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 352 (D.N.J. 2003).

## CONCLUSION

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

(1) Plaintiff's Complaint is **DISMISSED** without prejudice**.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 2nd day of February, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge